```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FREDDIE KING,

        Petitioner,

v.                                            Case No: 2:19-cv-480-JES-MRM
                                                  Case No. 2:15-CR-74-FTM-29MRM

UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #86)[1] filed on July 11, 2019. The government filed a Response in Opposition to Motion (Cv. Doc. #10) on September 16, 2019. The petitioner filed a Reply (Cv. Doc. #11) on October 16, 2019. For the reasons set forth below, the motion is denied.

**I.**

On August 5, 2015, a federal grand jury in Fort Myers, Florida returned a three-count Superseding Indictment (Cr. Doc. #23) charging petitioner with possession of a firearm and ammunition by a felon (Count One), possession within intent to distribute less

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

than 50 kilograms of marijuana, and possession of cocaine. Petitioner did not challenge the validity of Count One, or the facts supporting that count, in the district court. On February 24, 2016, pursuant to a Plea Agreement (Cr. Doc. #68), petitioner entered a plea of guilty to Count One of the Superseding Indictment, with the remaining counts to be dismissed at the time of sentencing. The guilty plea was accepted, and a sentencing date was set. (Cr. Doc. #70.)

On May 9, 2016, the Court sentenced petitioner to a term of imprisonment of 77 months as to Count One, followed by a term of supervised release, and dismissed the other counts on motion by the government. (Cr. Doc. #77.) Judgment (Cr. Doc. #79) was filed on the same day. Petitioner did not appeal, and the conviction became final 14 days after the Judgment on May 23, 2016. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Petitioner now seeks to vacate his conviction based upon an intervening decision by the Supreme Court.[1]

---

[1] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

**(1)** the date on which the judgment of conviction becomes final;

. . .[or]

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

**II.**

Petitioner was convicted in Count One of violating Title 18 U.S.C. § 922(g)(1), which provides in pertinent part that "[i]t shall be unlawful for any person--(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to possess in or affecting commerce, any firearm or ammunition. . . ." At the time of the offense and proceedings in the district court, it was well-settled that a conviction under § 922(g) required the government to allege and ultimately prove that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). There was no requirement that the government prove defendant knew of his status as a convicted felon. United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997); United States v. Rehaif, 888 F.3d 1138, 1147 (11th Cir. 2018).

This was changed by the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court

---

Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

reversed a defendant's conviction under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court instructed the jury it did not need to find that defendant knew he was in the country unlawfully. Rehaif, 139 S. Ct. at 2195. The Supreme Court held "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." Greer v. United States, 141 S. Ct. 2090, 2095, 210 L. Ed. 2d 121 (2021) (citing Rehaif at 2199-2200) (emphasis in original).

### III.

Petitioner did not preserve any claim of error in the district court or in a direct appeal relating to Count One. Therefore, a plain error standard applies to Petitioner's current motion for relief. Greer, 141 S. Ct. at 2096. To satisfy this standard, Petitioner must satisfy three threshold requirements: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If all three requirements are satisfied, the Court may grant relief if the error had a serious effect on the fairness, integrity, or public reputation of judicial

proceedings. Id. Petitioner has the burden of establishing each of these four requirements. Id. At 2096-97.

Count One of the Superseding Indictment did not allege the *mens rea* element that Petitioner knew he was a convicted felon. Additionally, neither the Plea Agreement nor the guilty plea colloquy referenced this *mens rea* requirement. "So it is insufficient and plainly erroneous under current law." United States v. Johnson, 981 F.3d 1171, 1179 (11th Cir. 2020). The "absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." United States v. Leonard, 4 F.4th 1134, 1142 (11th Cir. 2021).

> Rehaif held that § 922(g) *itself* contains the requirement that the defendant knew he belonged to the relevant category of persons when he possessed the firearm. [United States v. Morales, 987 F.3d 966, 979 (11th Cir. 2021)] And because the text of § 922(g) implies a knowledge-of-status element, an indictment that alleges violations of § 922(g) confers subject matter jurisdiction. Id.; see also [United States v. Moore, 954 F.3d 1322, 1337 (11th Cir. 2020)]. The bottom line is that the indictment here did enough to charge an offense against the United States—even after Rehaif.

United States v. Leonard, 4 F.4th 1134, 1143 (11th Cir. 2021). See also United States v. Dudley, 5 F.4th 1249, 1267 (11th Cir. 2021) (Rehaif-based defect is non-jurisdictional). There were Rehaif errors in the district court, and these errors are plain

but not jurisdictional. Therefore, the first two threshold requirements for plain error are satisfied.

Petitioner also has the burden of establishing the third element, that the Rehaif errors affected his substantial rights. This requires Petitioner to show that, if the district court had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty. Greer, 141 S. Ct. at 2097. "In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon." Greer, at 2097. See also United States v. Roosevelt Coats, 8 F.4th 1228, 1238 (11th Cir. 2021).

Here, it is undisputed that Petitioner had in fact been convicted of a felony prior to the conduct charged in Count One. Indeed, the Presentence Report stated without objection that Petitioner had been convicted of fifteen felonies. (Cr. Doc. #75.) "Those prior convictions are substantial evidence that [defendant] knew [he was a] felon[]." Greer, 141 S. Ct. at 2097-98.

During the plea colloquy before the Magistrate Judge, the Assistant U.S. Attorney summarized the factual basis set forth in the Plea Agreement and then stated:

> And then, finally, the plea agreement sets forth convictions, approximately 15, I believe, felony convictions, that occurred on 12 different dates. There are 12 paragraphs that outline the 15 convictions. And unless the Court wants us to go through each one of those convictions, we'll just incorporate the convictions by reference.

(Cr. Doc. #87, pp. 25-27.) The Magistrate Judge then asked petitioner directly if he had such prior convictions.

> THE COURT: And had you, before possessing the firearm, been convicted of a felony? At least one felony? That is, a crime punishable by imprisonment for a term of more than one year?
>
> THE DEFENDANT: Yes, ma'am.

(Id., p. 28.)

The felonies identified in the Superseding Indictment are: (1) in 1988 for possession of a controlled substance for which petitioner was sentenced to 30 months in prison after violating probation; (2) in 1988 for possession of cocaine and petitioner was sentenced to concurrent time with the first felony; (3) in 1988 for possession of cocaine, also concurrent time; (4) in 1990 for grand theft and burglary and petitioner was sentenced to 4 years and 6 months (and 98 concurrent days); (5) in 1997 for the sale or delivery of cocaine and petitioner was sentenced to 25 months, concurrent with two other cases, after violating probation

several times; (6) in 1997 for possession of cocaine concurrent with the fifth case; (7) in 1999 for possession of cocaine and petitioner was sentenced to one year after a violation of probation; (8) in 2000 for sale or delivery of cocaine and petitioner was sentenced to 96 months concurrent with a 60 month sentence and concurrent with three other cases; (9) in 2001 for driving while suspended, habitual, and after a violation of probation, petitioner was sentenced to 60 months concurrent with the sentenced for the eighth case; (10) in 2001 for possession of cocaine and also sentenced to a concurrent term with the eighth case; (11) in 2010 for possession of cocaine after being released from prison on February 25, 2008, and petitioner was sentenced to 19 months and 6 days state prison; and (12) in 2013 for driving while suspended-habitual.  (Cr. Doc. #23.)  The full criminal history for petitioner started when he was 26 years old and span through age 54 placing him in a Criminal History Category of VI. (Cr. Doc. #75, ¶¶ 41-71, 73.)  At sentencing, petitioner accepted responsibility and acknowledged that he knew he was a convicted felon:

> But like I said, I always been a man to hold responsible for what I did and I'm responsible for being in the possession of a firearm, knowing that I am a convicted felon. Like I say, I don't need a gun for anything, because I don't do that type of thing. I have no violence. The people I hurt is me and my family the most. No one else. Just me and my family.

(Cr. Doc. #88, p. 15.)

The Court finds that petitioner has failed to carry the burden to show that the Rehaif error affected his substantial rights. Petitioner had numerous prior felonies before electing to enter a plea of guilty, and he stated that he knew he was a convicted felon at sentencing. The fact that the sentence was longer than expected in federal court does not mean that petitioner would not have pled guilty but for the Rehaif error. During the plea colloquy, petitioner confirmed that he did not yet know what sentence he would receive, and he was informed of the potential maximum sentence – Count One carried a maximum sentence of 10 years of imprisonment. (Cr. Doc. #87, pp. 15, 30.) There is no argument by petitioner that he would have presented evidence at trial that he did not know he was a felon when he possessed the firearm and ammunition.

> Indeed, given Defendant's criminal history, no reasonable juror could have found otherwise. See United States v. Hobbs, 953 F.3d 853, 858 (6th Cir. 2020) ("No reasonable juror could have believed that [the defendant] did not know he had been convicted of a crime punishable by imprisonment for a term exceeding one year" when the defendant "had *served* six years in prison." (alterations accepted) (emphasis in original) (quotation marks omitted)); see also United States v. Williams, 946 F.3d 968, 973 (7th Cir. 2020) (noting that the defendant "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year" when he had served more than a year in prison).

United States v. Roosevelt Coats, 8 F.4th 1228 at 1239. The petition will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #86) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of October 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

- 11 -